UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAZARO BORRELL,

        Petitioner,

v.                                             Case No. 23-cv-1081-pp

WARDEN MICHAEL GIERACH,

        Respondent.

---

**ORDER SCREENING *HABEAS* PETITION (DKT. NO.1) AND REQUIRING RESPONDENT TO FILE RESPONSIVE PLEADING**

---

Lazaro Borrell, who is incarcerated at Redgranite Correctional Institution and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging the sentence he received for his 1988 conviction in Milwaukee County Circuit Court for first-degree intentional homicide. Dkt. No. 1 at 5. He has paid the $5.00 filing fee. The case is before the court for screening of the petition under Rule 4 of the Rules Governing §2254 Cases. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond.

**I.    Background**

The petition refers to State v. Borrell, Milwaukee County Case No. 1988CF882420. See Dkt. No. 1 at 1. The information available on the publicly available state docket is limited, see Borrell, Case No. 1988CF882420 (available

1

at https://wcca.wicourts.gov), and the petitioner did not submit with his petition any supporting documents, which could have helped this court in screening the petition. And while the state docket has no record of any appellate history, a Westlaw search reveals that the Wisconsin Supreme Court addressed, among other things, the constitutionality of the petitioner's parole eligibility date in an April 27, 1992 opinion, State v. Borrell, 167 Wis. 2d 749 (Wis. 1992). The following background comes from that opinion, and from the limited information available on the state-court docket.

In 1989, the petitioner was convicted of two crimes after a jury trial in Milwaukee County Circuit Court: (1) first degree intentional homicide and (2) armed robbery. Borrell, 167 Wis. 2d at 760. The Milwaukee County Circuit Court sentenced the petitioner to life in prison with no parole eligibility until January 1, 2025 for the first-degree intentional homicide conviction, and to a consecutive twenty-year prison term for the armed robbery conviction. Id. The sentencing judge "explained that [the petitioner's] sentence and parole eligibility date was based on the brutality of the crime, the failure of the defendant to show remorse, and . . . the need to protect the community." Id.

The petitioner subsequently moved for post-conviction relief on the basis that Wis. Stat. §973.014, which allowed the circuit court to set the petitioner's parole eligibility date beyond the absolute minimum, was unconstitutional. Borrell, 167 Wis. 2d at 760-61. The circuit court denied his post-conviction motion, holding that §973.014 is not unconstitutional. Id. at 761. The

petitioner appealed the circuit court's decision, and the court of appeals certified his case to the Wisconsin Supreme Court. Id. at 762.

The Wisconsin Supreme Court accepted certification and, on April 27, 1992, held that §973.014 "does not violate the separation of powers doctrine, due process protections, effective assistance of counsel provisions, protections against cruel and unusual punishment, or rights to a meaningful appeal" and, therefore, "is constitutional in all respects before this court." Id. at 759, 778. It also found that the circuit court's failure to instruct the jury on the lesser-included offense of second-degree murder was not reversible error and that the circuit court did not abuse its discretion by extending the petitioner's parole eligibility date under §973.014. Id. at 781-82.

The state court docket indicates that the petitioner has submitted to the Milwaukee County Circuit Court four post-conviction filings in the thirty-one-plus years since the Wisconsin Supreme Court affirmed his conviction and sentence. None of those filings are available for viewing by the public, nor are any of the circuit court's rulings on those filings. The docket reflects that, on March 22, 1999, the petitioner filed a "motion"—it does not specify the relief requested; the following week the Milwaukee County Circuit Court ruled on the motion in a "decision and order"—there is no indication whether the decision and order granted or denied the petitioner's motion. See Borrell, Case No.1988CF882420. Next, the docket reflects that, on April 29, 2008, the petitioner filed a "motion for sentence credit," which the Milwaukee County

3

Circuit Court granted several days later, applying "413 days of sentence credit" against the petitioner's sentence. Id.

More recently, on July 28, 2022, the petitioner filed a "letter" requesting that his sentence be amended. Id. The circuit court denied the petitioner's request approximately two weeks after it was filed. Id. On July 6, 2023, the petitioner filed what is labeled on the docket as a "Nunc Pro Tunc Petition," which the circuit court denied a week later. Id. There is no record of the petitioner appealing either of the state court's two most recent orders.

## II.    Rule 4 Screening

### A.    Standard

A federal court must "screen" a *habeas* petition before allowing it to proceed. Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an

4

unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitation period, exhausted his state court remedies, and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.  The Petition

The petitioner raises a single claim for relief for "abuse of sentence discretion." Dkt. No. 1 at 5. The petitioner explains, "My case transpired in 1988 and the guidelines for sentencing were 1987. I was sentenced 11-6-1989

5

and the sentencing guidelines for 1989-1990 were applied which allowed the court to set a longer P[arole Eligibility Date]." Id. For relief, he asks that the court reset his parole eligibility date so that he is eligible for parole before January 1, 2025. Id. at 15.

As best the court can tell, the petitioner attempts to argue that the sentencing judge's imposition of a parole eligibility date later than the absolute minimum amounted to an unconstitutional *ex post facto* application of the 1989-1990 Wisconsin sentencing guidelines because it resulted in him receiving a harsher penalty than he otherwise would have received had the judge correctly applied the 1987-1988 guidelines. Such a claim is cognizable on federal *habeas* review. See Bocian v. Godinez, 101 F.3d 465, 470 (7th Cir. 1996); see also Collins v. Youngblood, 497 U.S. 37 (1990). Supporting this understanding of the petitioner's claim is the petitioner's description of his post-conviction motion, which he describes as an "*ex post facto* to address [his parole eligibility date]." Dkt. No. 1 at 7.

At this early stage and with the limited information before it, the court cannot conclude that it is clear from the face of the petition that the petition was not timely filed, even though the petitioner is challenging a thirty-four-year-old conviction. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on a petitioner's *habeas* petition; it requires a petitioner to file his federal *habeas* petition within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

The petition does not indicate when the petitioner's judgment became final. But given that the Wisconsin Supreme Court affirmed the circuit court's judgment and order on April 27, 1992, Borrell, 167 Wis. 2d at 784, more than one year has passed since the petitioner's judgment became final. Subsection (2) of §2244(d), however, provides for tolling of the one-year period for "properly filed" state post-conviction motions. 28 U.S.C. §2244(d)(2). As discussed above, the state docket for the underlying case shows that the petitioner has filed several state post-conviction motions, including one filed as recently as July 6, 2023. Borrell, Case No. 1988CF882420. Whether those motions were "properly filed," and how much of the thirty-one years since the Wisconsin Supreme Court affirmed the petitioner's conviction might be excluded due to those motions, is impossible for the court to determine at this stage. Because the limitation period is an affirmative defense and the State has the burden of proving that a petition was not timely filed, Gildon v. Bowen, 384 F.3d 883,

7

886 (7th Cir. 2004), the court cannot conclude at the screening stage that the petition was not timely filed.

The court has concerns regarding exhaustion, but without the benefit of the entire record of the petitioner's post-conviction motions in the Wisconsin state courts, it is premature for the court to conclude that the petitioner has not properly exhausted all his grounds for federal *habeas* relief. In any event, failure to exhaust, like the limitation period, is an affirmative defense more appropriately raised and argued by the respondent. See Perruquet v. Briley, 390 F.3d 505, 517 (7th Cir. 2004). The court will allow the petitioner to proceed and order the respondent to answer or otherwise respond.

### III. Conclusion

The court **ORDERS** that the petitioner may proceed on the grounds described in his *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

8

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the

9

Case 2:23-cv-01081-PP    Filed 09/08/23    Page 9 of 10    Document 4

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the

respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 8th day of September, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**