UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAZARO BORRELL,

        Petitioner,

  v.                                          Case No. 23-cv-1081-pp

WARDEN MICHAEL GIERACH,

        Respondent.

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS *HABEAS* PETITION (DKT. NO. 7), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

On August 14, 2023, the petitioner, who is representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 1988 conviction in Milwaukee County Circuit Court for first-degree intentional homicide and armed robbery. Dkt. No. 1. On November 7, 2023, the respondent filed a motion to dismiss, arguing that the petition was untimely. Dkt. No. 7. The petitioner responded with a "reply brief in support" of his petition but did not file a brief in opposition to the motion to dismiss. Dkt. No. 12. The court will grant the respondent's motion, dismiss the case and decline to issue a certificate of appealability.

**I.    Background**

      **A.**    <u>Underlying State Case & Post-Conviction Motions</u>

In September 1988, the State of Wisconsin filed a criminal complaint against the petitioner, charging him with first degree intentional homicide and

1

armed robbery. State v. Borrell, Case No. 1988CF882420 (Milwaukee County Circuit Court), Dkt. No. 8-2 at 1. After a jury trial, the petitioner was convicted of both charges and sentenced to life imprisonment with no parole eligibility until January 1, 2025 for the homicide conviction and a consecutive twenty-year prison term for the armed robbery conviction. State v. Borrell, 167 Wis.2d 749, 760 (1992), Dkt. No. 8-2 at 122. Wis. Stat. §973.014 authorized the court to set that parole eligibility date. Id.

The petitioner moved for post-conviction relief, arguing that Wis. Stat. §973.014 was unconstitutional. Id. at 760–61. The circuit court disagreed, finding the statute constitutional and denying the motion. Id. at 761. The petitioner appealed, and the Wisconsin Court of Appeals certified the question to the Wisconsin Supreme Court. Id. at 762. The Wisconsin Supreme Court also upheld the constitutionality of the statute, finding that it was "constitutional in all respects before this court." Id. at 778. The Court also held that the circuit court had not abused its discretion by extending the petitioner's parole eligibility date under §973.014. Id. at 781-82. The petitioner did not appeal to the United States Supreme Court.

The petitioner filed several subsequent motions. On March 16, 1999, he filed a motion for court transcripts, saying that he "desire[d] to pursue Post-Conviction remedies pursuant to sec. 974.06 Wis. Stats." Dkt. No. 8-2 at 133. The circuit court denied the motion on March 29, 1999, stating that all transcripts had been provided to the petitioner's appellate counsel and

2

Case 2:23-cv-01081-PP  Filed 09/12/24  Page 2 of 10  Document 13

directing him to either contact counsel to obtain those transcripts or purchase a second copy from the clerk's office. Id. at 139.

Next, on April 29, 2008, the petitioner filed a motion for sentence credit. Id. at 140. The motion asked the court to credit toward his sentence the days he had been in custody between his arrest and sentencing. Id. at 141. The circuit court granted that motion on May 2, 2008, applying 413 days of sentence credit to the petitioner's sentence. Id. at 3.

On July 28, 2022, the petitioner filed a motion titled "amending sentence," seeking a "3 year override to see the Parole Commission under Executive Directive 31" and stating that his health was failing. Id. at 153. The circuit court denied that request, finding that there was "no legal basis to modify his sentence." Id. at 154. A year later, on July 6, 2023, the defendant filed a "nunc pro tunc petition" to modify his parole eligibility date. Id. at 159. The circuit court denied this petition on July 11, 2023, finding that because Wis. Stat. §973.014 went into effect prior to the date the petitioner committed the offenses of conviction, there was no merit to his argument that Wis. Stat. §973.014 was an *ex post facto* law. Id. at 155–56.

The petitioner filed his motion recent motion on September 22, 2023. Id. at 157. This motion argued that the Department of Corrections failed to properly apply the 413 days of sentence credit the circuit court had granted toward his parole eligibility date in 2008. Id. On September 29, 2023, the circuit court ruled that the 413 days of sentence credit should be applied to the consecutive armed robbery sentence and should not be used to adjust the

3

petitioner's parole eligibility date for his homicide conviction. Id. at 170. The court reasoned that it had discretion regarding whether to give sentence credit toward a set parole eligibility date, and it declined to do so in the petitioner's case because the sentencing judge had set the January 1, 2025 parole date after taking into consideration "the severity of the offensive, [the petitioner's] background, character, and rehabilitative needs, and the need for punishment, deterrence, and community protection." Id. The petitioner did not appeal any of the above-described orders.

      B.      Habeas Petition

The petitioner filed this *habeas* petition on August 14, 2023. Dkt. No. 1. The petition cites "abuse of sentence discretion" as the ground for relief. Id. at 5. According to the petitioner, he was "sentenced 11-6-1989 and the sentencing guidelines for 1989-1990 were applied which allowed the court to set a longer PED [parole eligibility date]." Id. In its screening order, the court construed this as a claim that the sentencing judge's decision to set the parole eligibility date later than the absolute minimum was an unconstitutional *ex post facto* application of the 1989-1990 Wisconsin sentencing guidelines. Dkt. No. 4 at 6. The court allowed the petitioner to proceed on that claim and required the respondent to answer or otherwise respond to the petition. Id. at 8.

The respondent filed his motion to dismiss the petition on November 7, 2023. Dkt. No. 7. He argues that the petition is time-barred because it was filed more than one year after the petitioner's conviction became final. Dkt. No. 8 at

4

3. The respondent maintains that the petitioner's conviction became final on July 26, 1992—ninety days after his conviction was affirmed by the Wisconsin Supreme Court. Id. The respondent states that the one-year limitation period for filing a federal *habeas* petition expired on July 26, 1993, and asserts that the petitioner filed his petition in August 2023, more than thirty years later. Id. The respondent argues that the petitioner is not entitled to any tolling for the post-conviction motions he filed in 2022 and 2023, because they were filed "long after the expiration of the one-year limitations period and thus have no impact on the analysis." Id. at 4 (citing De Jesus v. Acevedo, 567 F.3d 941, 943 (7th Cir. 2009)). Anticipating that the petitioner will ask the court to apply the doctrine of equitable tolling, the respondent argues that equitable tolling is not available because the petitioner has not demonstrated diligence in pursuing his rights or "pointed to any extraordinary factor to excuse his delay." Id. at 4–5.

As stated, the petitioner filed a "reply brief in support" of his petition. Dkt. No. 12. The brief does not address the respondent's arguments. Instead, it reiterates the grounds for relief stated in the initial petition. Id. Along with this "reply brief," the petitioner provided the September 29, 2023 circuit court order ruling that his sentence credit should be applied to his armed robbery conviction. Id. at 4–5. The petitioner says that the 413 days of sentencing credit should have reduced his parole eligibility date "from January 1, 2025 to around or about November 20, 2023 when the Circuit granted the sentence credit." Id. at 2. He says that neither the Parole Commission nor the "Registar" will apply the 413 days of sentence credit "based on the court setting the

5

original PED at 1-1-2025." Id. He asks the court to grant his petition and reduce his parole eligibility date. Id.

## II. Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") instituted a one-year statute of limitations for petitioners seeking federal *habeas* relief. 28 U.S.C. §2244(d)(1). The one-year period begins to run from the latest of the following four events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1)(A)-(D).

The Wisconsin Supreme Court affirmed the petitioner's conviction on April 27, 1992. The petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court. That means that his conviction became "final"—and his one-year limitation period began to run—ninety days later, on July 26, 1992. Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002) (statute of limitations begins to run "when, if certiorari was not sought, all direct criminal appeals in the state system are concluded, followed by the expiration of the

time allotted for filing a petition for writ"); Supreme Court Rule 13(1) (which requires a person petitioning for a writ of *certiorari* to file that writ within ninety days after entry of the judgment). Because the petitioner's "time allotted for filing a petition for writ" of *certiorari* expired on July 26, 1992, his deadline for filing a federal *habeas* petition was July 26, 1993. The petitioner did not file his habeas petition until August 14, 2023—over thirty years after his one-year limitation period had expired.

The one-year limitation period is tolled—paused—during the time that any "properly filed" state post-conviction motions are pending. 28 U.S.C. §2244(d)(2). But that tolling provision does not apply to motions filed after the expiration of the statute of limitations has run. De Jesus v. Acevedo, 567 F.3d 943; Graham v. Borgen, 483 F.3d 475, 483 (7th Cir. 2007) (holding that a petition for collateral review filed after the federal *habeas* statute of limitation period has expired does not toll the one-year limitation period). The Seventh Circuit Court of Appeals has held that "a state proceeding that does not begin until the federal year has expired is irrelevant" to tolling. Id. "Any other approach would eliminate all federal time limits whenever a state does not have (or does not enforce) a time limit for collateral review: a state collateral proceeding, however belated and however unmeritorious, would reset the federal clock." Id. "A state court's order denying a request for collateral review (whether on the merits or for any procedural reason) does not require the exclusion, under § 2244(d)(2), of time that passed before the state collateral proceeding began." Id. at 944.

All the petitioner's post-conviction motions were filed long after the one-year limitation period expired in July 1993. Dkt. No. 8-2 at 133 (filed in 1999), 140 (filed in 2008), 152 (filed in 2022), 157 and 159 (filed in 2023). Even assuming these motions were "properly filed" state post-conviction motions, under Acevedo, they did not pause the one-year limitation clock. The petitioner's *habeas* petition is untimely.

Though he did not raise it in his "reply" brief, the court nonetheless concludes that the petitioner is not entitled to equitable tolling. The court may invoke the doctrine of equitable tolling where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010). "A petitioner bears the burden of establishing both elements of the *Holland* test; failure to show either element will disqualify him from eligibility for tolling." Mayberry v. Dittman, 904 F.3d 525 529-30 (7th Cir. 2018). Because the petitioner did not explain in his "reply" brief why waited thirty years to file a federal *habeas* petition, the court has no way to assess whether he diligently pursued his rights or whether some extraordinary circumstances prevented him from filing the petition sooner. The flurry of motion practice in 2022 and 2023 suggests that the petitioner was attempting to pursue his rights, but those motions were filed decades after his conviction became final. The court cannot consider such late motions as evidence of diligence. Carpenter v. Douma, 840 F.3d 867, 871 (7th Cir. 2016) (petitioner who filed improper extension motion one month after limitation period expired

8

was not sufficiently diligent to warrant equitable tolling). The court also cannot glean any facts suggesting that extraordinary circumstances prevented the petitioner from timely filing his petition.

Because the petitioner did not timely file his *habeas* petition and because he has not demonstrated that equitable tolling is warranted, the court will grant the respondent's motion to dismiss the petition.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 494 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because no reasonable jurist could debate that the petitioner's petition should be dismissed as untimely under 28 U.S.C. §2244(d).

### IV. Conclusion

The court **GRANTS** the respondent's motion to dismiss. Dkt. No. 7.

The court **ORDERS** that the petition for writ of *habeas corpus* is **DISMISSED** as time-barred under 28 U.S.C. §2244(d). The clerk will enter judgment accordingly.

9

The court **DECLINES TO ISSUE** a certificate of appealability.

Dated in Milwaukee, Wisconsin this 12th day of September, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**